## DAVID RABINOWITZ, RESPONDENT, v. VULCAN INSURANCE COMPANY, APPELLANT.

Argued November 29, 1916—Decided March 5, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This action was brought on a policy of insurance issued to the plaintiff by the defendant company against, among other things, loss by theft or robbery, the basis of the action being a loss by theft or robbery.  The plaintiff had a verdict and the defendant appeals.  The loss by theft is not contested, but the defendant claims that it was entitled to have allowed by the trial court its motion for nonsuit upon the ground that in the application for the insurance, and in the proof of loss the machine is described as a new one, whereas the defendant claims that this was false, and therefore the plaintiff was not entitled to recover.

"The trial court found that the car was insured by the defendant company and that it had been purchased by one Van Horne for the plaintiff, the car to become the property of the plaintiff as soon as paid for; that two or three months after the purchase the policy was taken out by the plaintiff upon the car which was then his property, and that in his application he stated that the car was new. He also found that Van Horne, when the policy of insurance was applied for, he being the agent of the defendant company, had as much knowledge of the fact as the plaintiff; that whether the car was a new one or not was a question of fact; that there was no representation by the plaintiff which was not known to the defendant company, and thereupon gave judgment for the plaintiff. At the argument the court allowed a rule on the trial court whether the car was a new one, and in compliance with that order he certified that the testimony disclosed that the automobile was purchased in the month of January, 1915, by Van Horne, who was the employer of the plaintiff, and that Van Horne testified the auto was purchased by him with the intention of turning it over to the plaintiff as soon as the latter had earned sufficient funds to pay for it; that in the month of March following the plaintiff earned such amount and that the automobile was then turned over to the plaintiff. After this statement the trial court certified: 'Of course, from the testimony produced before me, the car was an old one, having been purchased from the manufacturers by Van Horne, a license being issued in his name, and, subsequently, the title passed from him to the plaintiff at least two months after the purchase by Van Horne.'

"The application contained this question and answer: 'Q. Was the automobile new or second hand when purchased by the present owner? A. New.' It is so described in the proof of loss, but it is not so described in the policy. The policy bears date June 25th, 1915, and the year in which it was built is put down as 1915. We think the trial court was in error when it based the judgment for the plaintiff upon the theory that the agent of the defendant had full knowledge of the fact concerning the age of the machine because there is no

proof in this case that Van Horne was authorized in writing to be the agent of the defendant company.    On the other hand, we think the trial court was not justified in finding that the car was not a new one within the meaning of the policy of insurance.    The car was new in January, 1915; it was bought by Van Horne for the plaintiff and the title remained in Van Horne until about the 1st of March, when the plaintiff was able to pay for the machine.    The undisputed facts are that plaintiff needed a car for use in the real estate business of Van Horne, by whom he was employed, and his employer, having a trading account with a dealer in automobiles, and having also an open credit account with the plaintiff, bought the car for him and kept it in his, Van Horne's, garage, and turned it over to him when his credits amounted to the cost. This amounted to a purchase for plaintiff as much as if the credit had been given to him directly by the seller.

"We think the machine was new within the meaning of the policy, and that therefore the judgment should be affirmed, but not for the reasons given by the trial court."

For the appellant, *William E. Blackman.*

For the respondent, *Hershenstein & Finnerty.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    10.

*For reversal*—None.